IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THELMA SHEPHERD-THOMPSON                                              PLAINTIFF

vs.                             Civil No. 2:16-cv-02243

NANCY A. BERRYHILL                                                    DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Thelma Shepherd-Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on June 2, 2014. (Tr. 19). Plaintiff alleged she was disabled due to a bulging disc, sciatica, dislocated rotator cuff, left knee arthritis, diabetes, and high blood pressure. (Tr. 180). Plaintiff alleged an onset date of January 15, 2014. *Id.* This application was denied initially and again upon reconsideration. (Tr. 59-85, 89-90). Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

requested an administrative hearing on her application. (Tr. 91).

Plaintiff's administrative hearing was held on June 24, 2015. (Tr. 30-58). Plaintiff was present and was represented by counsel, Nick Coleman, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old and had a fourth grade education. (Tr. 37-38).

On July 31, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 19-25). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 21, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 15, 2014, the alleged onset date. (Tr. 21, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine; herniated nucleus pulposus at the L4-5 and L5-Sl levels, status post laminectomy and fusion; osteoarthritis; and non-insulin dependent diabetes mellitus. (Tr. 21, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 22-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except is limited to performing frequent but not repetitive grasping, handling, and fingering. (Tr. 22, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ

2

found Plaintiff was capable of performing her PRW as a production assembler. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 15, 2014 through the date of the decision. (Tr. 25, Finding 7).

On October 6, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

3

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the Step 4 analysis and (B) in failing to fully and fairly develop the record. ECF No. 11, Pgs. 9-11. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

**A. Step 4 Findings**

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a production assembler. This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

The ALJ found Plaintiff retained the RFC to perform light work except is limited to performing frequent but not repetitive grasping, handling, and fingering. (Tr. 22, Finding 5). The ALJ went on to find Plaintiff's PRW as a production assembler did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 24). As a result, the ALJ determined Plaintiff had not been under a disability from January 15, 2014, through the date of the decision. (Tr. 25, Finding 7). Plaintiff argues the ALJ erred in his step four determination.

The burden is on the Plaintiff to demonstrate she is unable to return to her past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir 2004). While VE testimony at step four is not necessary to determine if a claimant can perform their past work, the ALJ may consider VE testimony. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007). A VE's response to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform their past work. *Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW. (Tr. 53-55). In response, the VE testified Plaintiff's work as a production assembler was light. *Id.* The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational

factors and RFC to determine whether Plaintiff could perform her PRW. *Id*. In response to the ALJ's hypothetical question, the VE testified Plaintiff could perform her PRW as a production assembler. *Id.* Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Even assuming the ALJ somehow erred at step four, the error is harmless because if the ALJ had proceeded to step five, he would have found Plaintiff not disabled. The VE testimony supported a finding that Plaintiff could perform other work existing in significant numbers in the economy. (Tr. 55-56). The VE testified that even if Plaintiff was limited to sedentary work with the same restrictions as found by the ALJ in his RFC determination, she could still perform the jobs of document preparer and addresser, both exist in significant numbers in the national economy. *Id.*

Based on the foregoing, I find the ALJ's determination that Plaintiff is able to perform her past relevant work is supported by substantial evidence**.**

### **B. Duty to Develop Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but must also show he was prejudiced or treated

unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff's very limited, two paragraph, argument on the ALJ's failure to develop the record claims improper weight was given to non-examining physicians and failure to obtain records for carpal tunnel syndrome. ECF No. 11, Pg 11. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record. ECF No. 12, Pgs. 4-10.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ sought additional opinions or records, the ALJ would have arrived at a different decision.

Although Plaintiff argues the ALJ gave great weight to the opinions of state agency medical consultants, Plaintiff fails to explain how this is a failure by the ALJ to develop the record. Further, Plaintiff did not list carpal tunnel syndrome as an impairment in her application for benefits.

Therefore, I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **15th day of November 2017.**

                                          /s/   Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U. S. MAGISTRATE JUDGE